JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>POWERNATION LLC, a Wisconsin limited liability company,<br><br>Defendant. | Case No. 5:21-cv-00270-JGB-SHK<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to a Stipulation for Entry of Judgment and Permanent Injunction filed by Plaintiff Monster Energy Company ("Monster") and Defendant Powernation LLC ("Powernation"),

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court has personal jurisdiction over each of the parties to this action. The Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331, 1338, 1367(a). Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

2. Monster is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Monster Way, Corona, California 92789.

3. Monster markets and sells the MONSTER™ line of energy drinks, the containers of which display Monster's ® mark ("Claw Icon Mark"). Monster also uses a trade dress for its packaging, products, and promotional materials that includes the colors green and black in combination with an "M" design in the form of a claw (both with and without the word "Monster") (the "Monster Trade Dress"). Images of Monster's original MONSTER ENERGY® drink and associated packaging, which display the Claw Icon Mark and Monster Trade Dress, are shown below.




4. Monster is the owner of valid U.S. Trademark Registrations for marks that incorporate its famous Claw Icon Mark, including in connection with the colors green or green and black. Monster's U.S. Trademark Registrations include, for example, the following (the "Asserted Marks"):

| MARK | REG. NO. |
|---|---|
| (Claw Icon) | 2,903,214 |
| (Claw Icon) | 3,434,821 |
| (Claw Icon) | 3,434,822 |
| (Claw Icon) | 4,625,118 |
| (Claw Icon on black) | 5,580,962 |
| (Green Claw Icon) | 5,022,676 |

-2-

| MARK | REG. NO. |
|---|---|
| (Monster Energy logo) | 3,134,841 |
| (Monster Energy logo, color) | 4,865,702 |
| (Claw icon) | 3,963,668 |
| (Claw icon) | 3,963,669 |
| (Claw icon) | 4,051,650 |
| (Claw icon) | 4,721,432 |
| (Monster Energy logo) | 3,914,828 |

5.  Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 2,903,214, 3,134,841, 3,434,822, 3,434,821, 3,963,668, 3,963,669, 3,914,828, and 4,625,118 are incontestable.

/ / /

6. Powernation markets and sells energy drinks under the name Clutch Energy, including the Clutch Energy citrus lime energy drink shown below, which contains a three line logo displayed on the can.



7. On February 17, 2021, Monster filed a Complaint against Powernation for: (i) trademark infringement under 15 U.S.C. § 1114; (ii) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (iii) trademark dilution under 15 U.S.C. § 1125(c); (iv) unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and (v) California common-law unfair competition.  Monster asserts that Powernation is infringing Monster's rights in the Asserted Marks and Monster Trade Dress, and diluting the distinctive qualities of Monster's Claw Icon Mark and Monster Trade Dress, by marketing and selling the Clutch Energy drink shown in Paragraph 6 above.

8. Powernation acknowledges that the Asserted Registrations are valid and enforceable.  Powernation also acknowledges that as a result of Monster's substantial and continuous use of the Asserted Marks and Monster Trade Dress, Monster is also the owner of common-law rights in the Asserted Marks and Monster Trade Dress.

9. Powernation is not now, nor has it ever been, associated, affiliated, or connected with Monster.  Monster did not authorize Powernation to use any of

the Asserted Marks or Monster Trade Dress, or any confusingly similar marks or trade dress.

10. Powernation's use of the three line logo wherein the three lines in the logo: (i) appear in the color green regardless of the background behind the lines, (ii) appear in the color black against a background that is green, (iii) appear in any color against a background that is black or uses the color combination of green and black or green and black and white, or (iv) appear on any packaging or beverage container the color of which is principally black, or principally green and black, or principally green and black and white, (collectively, the "Prohibited Clutch Trade Dress"), in connection with the manufacture, sale, offer to sell, promotion of, or distribution of any goods or services, including but not limited to any beverages, whether alcoholic or non-alcoholic, in ready-to-drink, powdered, drops, syrups or concentrate form, made with or without carbonation, or beverage ware, is likely to cause confusion with Monster's Asserted Marks. Powernation's use of the Prohibited Clutch Trade Dress, for example as displayed on the Clutch Energy drink container shown in Paragraph 6 above, is likely to cause confusion with the Monster Trade Dress and dilutes the distinctive qualities of the Monster Trade Dress, and therefore the foregoing constitutes trademark and trade dress infringement, false designation of origin, trademark dilution, and unfair competition.

**NOW, THEREFORE, IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

A. Final judgment is entered in favor of Monster and against Powernation on Monster's claims for: (i) trademark infringement under 15 U.S.C. § 1114; (ii) trademark infringement, trade dress infringement, and false designation of origin under 15 U.S.C. § 1125(a); (iii) trademark dilution under 15 U.S.C. § 1125(c); (iv) unfair competition arising under California Business &

Professions Code § 17200 *et seq.*; and (v) California common-law unfair competition.

  B. Powernation, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Powernation who receive actual notice of the injunction by personal service or otherwise, are forthwith preliminarily and permanently enjoined from:

   i. using the Prohibited Clutch Trade Dress, for example as shown in Paragraph 6 above, or using any other marks or trade dress confusingly similar to Monster's Marks or the Monster Trade Dress, in connection with the manufacture, sale, offer to sell, promotion of, or distribution of any goods or services, including but not limited to any beverages, whether alcoholic or non-alcoholic, in ready-to-drink, powdered, drops, syrups or concentrate form, made with or without carbonation, or beverage ware;

   ii. filing any applications for registration of any marks or trade dress confusingly similar to Monster's Asserted Marks or the Monster Trade Dress;

   iii. otherwise infringing any of Monster's Asserted Marks or the Monster Trade Dress;

   iv. diluting the distinctive qualities of the Claw Icon Mark or any of Monster's other trademarks;

   v. falsely designating the origin of Powernation's goods in any manner suggesting that the goods originate from Monster;

   vi. unfairly competing with Monster in any manner whatsoever; and

   vii. causing a likelihood of confusion or injury to Monster's business reputation.

/ / /

/ / /

|    |    |    |    |
|---|---|---|---|
| 1 | C. | The parties shall be subject to the jurisdiction of this Court in connection with any dispute relating to enforcing the terms of this Final Judgment and Permanent Injunction. |
| 4 | D. | Each party shall bear its own attorneys' fees and costs. |

**IT IS SO ORDERED.**

Dated: August 31, 2021

_____
Hon. Jesus G. Bernal
United States District Judge